# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE KLEMENTOVICZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-CV-29-JED-FHM |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

**I.      Background**

The plaintiff initiated this suit in state court, alleging that the defendant breached an insurance contract and acted in bad faith by failing to properly adjust and pay for losses covered by a homeowners' insurance policy. (*See* Doc. 2-2). In his state court petition, the plaintiff seeks "in excess of" $10,000 for actual damages, "in excess of" $10,000 in punitive damages, and attorney's fees. (*Id.* at 4). He also alleges that he "suffered emotional distress, loss of monies, and other damages" as well as "severe emotional damage by virtue of the hardship placed upon him in providing for his own support and the support of his family." (*Id.* at 3).

On January 16, 2019, the defendant removed this case on the basis of diversity jurisdiction. In its Notice of Removal, the defendant avers that it was served with the summons and petition on December 27, 2018. (Doc. 2 at 1). The defendant also maintains that it is incorporated and has its principal place of business in Illinois, such that it is a citizen of the State of Illinois. (*Id.* at 2). Plaintiff is a citizen of the State of Oklahoma. (*Id.* at 3; Doc. 2-2 at ¶ 1). In its Notice, the defendant notes that the plaintiff's state court petition did not aver damages in accordance with *Okla. Stat.* tit. 12, § 2008(A)(2). The defendant thus alleges that "the amount in controversy exceeds $75,000,

exclusive of interests and costs," such that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met. (Doc. 2 at 3-4). The plaintiff moves to remand (Doc. 10).

**II.     Discussion**

The plaintiff does not contest the existence of diversity of citizenship. Plaintiff asserts that the defendant "cannot prove with certainty the amount in controversy" and the defendant's "conclusory statements are insufficient to establish that the amount required to be in controversy [is] met." (Doc. 10 at 4). In making these arguments, the plaintiff cites *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) and authorities relying upon *Laughlin*. (*Id.* at 2-3). However, the removal statute was amended years after *Laughlin* was decided, and it now requires only that the notice of removal contain "a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Moreover, *Laughlin* was abrogated by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547 (2014).

The Court in *Dart Cherokee* discussed the standards applicable under § 1446 to a defendant's notice of removal in the diversity context:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, *when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . . If the plaintiff contests the defendant's allegation*, §1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446, clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. . . .
>
> In sum, as specified in § 1446(a), *a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.*

135 S. Ct. at 553-54 (internal citations omitted) (emphasis added).

In compliance with § 1446(a) and *Dart Cherokee*, the defendant's notice of removal includes a "short and plain statement of the grounds for removal," and it provides a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," consistent with *Dart Cherokee*. (*See* Doc. 2 at 5-6). Thus, the issue is whether the plaintiff has contested that allegation, such that proof of the jurisdictional amount in controversy is required. *See Dart Cherokee*, 135 S. Ct. at 553-54. The plaintiff has not contested the amount in controversy and has not taken any position with respect to whether the amount in controversy is, or is not, in excess of $75,000 exclusive of interest and costs. (*See* Doc. 10). Instead, the plaintiff merely cites law, which is no longer applicable, to argue that the defendant did not meet a heightened burden that is no longer imposed on removing defendants. The defendant satisfied the requirement to set forth the amount in controversy in its Notice of Removal, and has no further burden unless the plaintiff contests the amount in controversy or the Court questions it.

The defendant has provided a plausible allegation that the amount in controversy is met. Not only does plaintiff seek actual damages for property damage the defendant allegedly did not properly adjust, but plaintiff also seeks punitive damages for alleged bad faith. "Punitive damages may be considered in determining the requisite jurisdictional amount." *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). Plaintiff alleges in his petition that the defendant recklessly or willfully failed to exercise good faith and fair dealing. (Doc. 2-2 at 3). Under Oklahoma law, if a jury finds by clear and convincing evidence that an "insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured," a plaintiff who prevails on a bad faith claim may recover "punitive damages in an amount not to exceed the greater of $100,000 or the amount of the actual damages awarded." *Okla. Stat.* tit. 23, § 9.1(b). Given that the plaintiff has not contested or taken a position on the amount in controversy in this case, the

3

defendant's plausible allegation that the amount in controversy exceeds the jurisdictional amount is sufficient.

While the plaintiff's "Conclusion" asserts that the defendant's removal was "untimely," the plaintiff did not present any analysis or facts supporting that argument. The defendant's Notice of Removal establishes that defendant was served on December 27, 2018 and then removed this action less than 30 days later, on January 16, 2019. Removal was therefore timely under 28 U.S.C. § 1446(b).

## III. Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (Doc. 10) is **denied**. The Court has considered the defendant's request for an award of attorney's fees as sanctions for having to respond to plaintiff's motion to remand. (Doc. 11). While the Court agrees that the plaintiff did not contest the amount in controversy, the Court declines to award sanctions on the record before it. Accordingly, the defendant's request for fees is **denied**.

SO ORDERED this 27th day of March, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT